IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE GRANTHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2426-BN |
| | § | |
| RIVERSIDE TRANSPORTATION, | § | |
| INC. and CORY WILLIAM OGLE, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Catherine Grantham has filed an Unopposed Motion for Leave to File an Amended Complaint and Join AMF Texas Holdings, LLC as a Defendant ("Motion for Leave to Join Defendant"). *See* Dkt. No. 28. Grantham filed her proposed amended complaint as an attachment to her motion ("Proposed Amended Complaint").

For the reasons explained below, the Court grants Grantham's Motion for Leave to Join Defendant [Dkt. No. 28] and, because AMF is a non-diverse defendant, remands this case to state court.

### **Background**

This case concerns a motor vehicle accident, in which Grantham alleges she suffered severe bodily injuries as a result of Defendants' negligence. *See* Dkt. No. 28-1 at 4.

Grantham contends that her vehicle struck a tractor trailer, which was owned and/or operated by Defendants, after it became disabled in highway traffic due to, among other things, a malfunctioning brake line in the trailer. *See id.*

Grantham filed suit in state court against Defendants Riverside Transportation, Inc. ("Riverside"), and Cory William Ogle. *See* Dkt. No. 1-1

Defendants Riverside and Ogle removed the case to federal court on the basis of diversity jurisdiction. *See* Dkt. No. 1.

Grantham now seeks to join AMF Texas Holdings, LLC ("AMF") as a defendant after learning through discovery that AMF is the owner of the trailer that was involved in the accident that forms the basis of this lawsuit. *See* Dkt. No. 28 at 2.

**Legal Standards**

When, as here, the party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Under Federal Rule of Civil Procedure 20, governing permissive joinder of parties, persons "may be joined in one action as defendants if: (A) any right to relief

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

But the United States Court of Appeals for the Fifth Circuit has explained that, while Federal Rule of Civil Procedure "18 allows plaintiffs to join, as independent or alternative claims, as many claims as [they have] against an opposing party" and "Rule 20 gives plaintiffs latitude to join defendants," "Rules 18 and 20 say nothing about adding a claim or a party after the original complaint's filing." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (cleaned up). Rather, "[t]hat is where Rule 15 comes in," and "Rule 15(a)(2) requires courts freely give leave [to amend] when justice so requires." *Id.* at 497-98 (cleaned up).

And a case's originating in state court does not change that where "'[a] removed action does not need to be repleaded "unless the court orders it" and, so, "[i]n a removed case, plaintiffs can rely on the state pleadings." *Pena v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) (quoting FED. R. CIV. P. 81(c)(2)).

Leave under Rule 15(a)(2) "is not automatic, however, and is at the discretion of the district court." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (citing *Muttathottil v. Mansfield*, 381 F, App'x 454, 457 (5th Cir. 2010)). "In making this decision, a court may consider: undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc." *Muttathottil*, 381 F. App'x at 457 (cleaned up).

And 28 U.S.C. § 1447(e) further governs situations where a proposed, post-removal amended complaint will join a defendant whose presence in the suit will destroy diversity jurisdiction. *See Moore*, 732 F.3d at 456. That provision provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

And, so, under Section 1447(e), if the plaintiff, after removal to federal court, seeks to join a defendant who is a citizen of the same state as the plaintiff (that is, a "non-diverse defendant"), "[t]he court should 'use its discretion in deciding whether to allow that party to be added'" and "should scrutinize an amended pleading naming a new non-diverse defendant in a removed case 'more closely than an ordinary amendment.'" *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Moore*, 732 F.3d at 456 (quoting *Hensgens*, 833 F.2d at 1182).

The Fifth Circuit explained that Rule 15(a) (as it was worded at that time) "provides that leave to amend 'should be freely given when justice so requires,' and Rule 20 permits joinder of proper parties" and that, "when faced with an amended pleading naming a new nondiverse defendant in a removed case," "justice requires that the district court consider a number of factors to balance the defendant's

interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182.

And, so, while applying "a 'higher level of scrutiny' … to an amended pleading naming a new nondiverse defendant in a removed case," *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 315 (5th Cir. 2022) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018)), "[i]n deciding whether to allow leave to amend, a court should consider several factors, including '[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.'" *Moore*, 732 F.3d at 456 (quoting *Hensgens*, 833 F.2d at 1182).

The Fifth Circuit instructed that "[t]he district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted." *Hensgens*, 833 F.2d at 1182.

And, as part of this analysis, "[t]he plaintiff's failure to state a plausible claim against a proposed defendant is evidence of the amendment's improper purpose and sufficient reason to deny leave to amend." *Guijarro*, 39 F.4th at 315 (citing *Allen*, 907 F.3d at 186, and *Moore*, 732 F.3d at 457).

If the district court "permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens*, 833 F.2d at 1182.

## Analysis

Grantham requests leave to amend her complaint and join AMF as a defendant based upon recently discovered facts learned through discovery. *See* Dkt. No. 28 at 2. Specifically, Grantham learned that AMF is the owner of the trailer that was involved in the accident that forms the basis of this lawsuit. *See id.* And, so, she asserts that she has a negligence claim against AMF that arises from the same facts as her claims against Riverside and Ogle. *See id.* at 3.

Grantham's Proposed Amended Complaint includes a negligence claim against AMF, and the parties do not dispute that Grantham has stated with sufficient plausibility a claim against AMF for Rule 15(a)(2)'s purposes. *See* Dkt. No. 28-1 at 6.

But that does not end the Court's inquiry. "The court has a duty to determine whether it properly has jurisdiction over this action, especially since the [Proposed] Amended Complaint add[s] a new party." *Seeley v. Walmart Inc.*, No. 3:24-cv-1269-L, 2024 WL 3418825, at *3 (N.D. Tex. July 12, 2024) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)).

Diversity jurisdiction under 28 U.S.C. § 1332(a) is the only basis for federal subject matter jurisdiction that Defendants invoked in their Notice of Removal. *See* Dkt. No. 1.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N.*

*Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Grantham has affirmatively pled that both she and AMF are citizens of Texas. *See* Dkt. No. 28-1 at 2-3. And, so, AMF is a non-diverse defendant, and the Court no longer has diversity jurisdiction over this action. Her Proposed Amended Complaint acknowledges this. *See id.* at 3 ("Given that Plaintiff and Defendant AMF are both citizens of Texas, this Court now lacks subject matter jurisdiction over this matter because there is no longer diversity of citizenship.").

And, so, because AMF is a non-diverse defendant, the Court must also analyze the amendment under the *Hensgens* factors: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Moore*, 732 F.3d at 456 (cleaned up).

The Court first considers Grantham's purpose in seeking to add AMF as a defendant.

Courts in this district addressing this factor assess "'the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal.'" *Ascent Emergency Med. Ctr. LLC v. Zelis*

*Claims Integrity, LLC*, No. 3:23-cv-2523-D, 2024 WL 2097708, at *3 (N.D. Tex. May 8, 2024) (quoting *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015); cleaned up).

And "[w]hen a plaintiff states a viable claim against a non-diverse defendant, courts generally find that the 'principal purpose of the amendment was not to defeat federal jurisdiction.'" *Diaz v. Quantem Aviation Servs., LLC, Defendant.*, No. 3:23-cv-1975-B, 2024 WL 1607066, at *2 (N.D. Tex. Apr. 11, 2024) (cleaned up).

Grantham asserts that the primary purpose of the amendment is to add a new defendant whose identity had recently been disclosed through discovery. *See* Dkt. No. 28 at 3. And the parties do not dispute that Grantham has a viable claim for negligence against AMF "[s]ince it owned the trailer, and the trailer's breaks malfunctioned, which caused Riverside's tractor trailer to stall in the middle of the interstate highway." *Id.*

And, so, this factor weighs in favor of granting leave to amend.

In determining if a plaintiff has been dilatory, "courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Ybarra v. Walmart Inc.*, No. SA-23-CV-00932-XR, 2023 WL 7783142, at *3 (W.D. Tex. Nov. 13, 2023) (cleaned up). "If significant activity beyond the pleading stage has not yet occurred, courts often find that amendment is timely, unless the plaintiff 'had ample information about [the proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court.'" *Skinner Cap. LLC v. Arbor E&T*,

-8-

LLC, No. 3:23-cv-2320-D, 2024 WL 1219235, at *3 (N.D. Tex. Mar. 21, 2024) (citing *Estate of Alex ex rel. Coker v. T-Mobile US, Inc.*, No. 3:17-cv-2622-M, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (alterations in original; quoting *Gallegos v. Safeco Ins. Co. of Ind.*, Civ. A. No. H–09–2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)).

Grantham filed her Motion for Leave to Join Defendant approximately seven months after filing her petition in state court and four months after the case was removed to federal court. *See* Dkt. No. 1; Dkt. No. 28.

But Grantham contends that she only recently learned of AMF's role on January 24, 2025 through discovery and that, on doing so, she sought leave to join AMF promptly and diligently by filing her motion approximately two weeks later. *See* Dkt. No. 28 at 4. Specifically, "Defendant Riverside identified AMF as the owner of the trailer in response to [Grantham's] interrogatories." *Id.* at 2-3.

No significant activity beyond the pleading stage had occurred, and Grantham filed her motion before the amendment deadline. *See Diaz*, 2024 WL 1607066, at *3; *cf. Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) ("As to Falcon Safety Products, [plaintiff] was dilatory in seeking to add this manufacturer. [Plaintiff] had knowledge that Falcon Safety Products was the correct manufacturer as early as the day that she filed her amended complaint.").

And, so, Grantham has not been dilatory in seeking amendment.

The Court must also assess if Grantham would "suffer a significant injury if the Court denied her leave to amend." *Diaz*, 2024 WL 1607066, at *3.

The Court considers whether the plaintiff can obtain complete relief without the amendment, whether the plaintiff can pursue any potential claims in state court, and whether "[p]laintiff will be required to litigate separate claims in separate forums – on different timetables, under different procedural rules, and with potentially conflicting results – arising out of the same set of facts." *Ybarra*, 2023 WL 7783142, at *4; *see also Mid-Am. Supply Corp. v. Truist Bank*, No. 4:21-CV-00841, 2023 WL 1765908, at *5 (E.D. Tex. Feb. 3, 2023).

Grantham will suffer injury if amendment is denied because she would be required to bring two separate lawsuits related to a single accident, which could potentially lead to inconsistent results regarding liability and damages. And, so, this factor weighs in favor of permitting the amendment.

And there are no other factors bearing on the equities that the Court should consider.

And, so, the balance of the *Hensgens* factors weighs in favor of granting Grantham leave to amend to join AMF as a defendant, after which the Court will no longer have subject-matter jurisdiction under Section 1332(a) and must remand the case to state court.

## Recommendation

The Court grants Grantham's Motion for Leave to Join Defendant [Dkt. No. 28] and, because AMF is a non-diverse defendant, remands this case to the 192nd Judicial District Court, Dallas County, Texas, from which it was removed.

SO ORDERED.

DATED: March 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE